## BONILLERSE *v.* GONZÁLEZ ET AL.

### APPEAL from the District Court of Aguadilla.

No. 704.—Decided December 13, 1911.

PROPERTY OF CONJUGAL PARTNERSHIP — INDIVIDUAL PROPERTY OF ONE OF SPOUSES.—The husband having acquired an estate by inheritance from his mother it should be considered as his individual property, and the fact that his wife paid notes made by him for debts contracted prior to his marriage out of her private funds does not destroy its character of individual property.

INTERPRETATION OF CIVIL CODE—SPANISH COMMENTATORS.—In accordance with a well-established rule of legal interpretation, this court may refer to eminent Spanish commentators for the proper interpretation of such parts of the Civil Code of Porto Rico as have been copied literally from the Spanish Civil Code.

PROPERTY OF CONJUGAL PARTNERSHIP—HOUSES CONSTRUCTED ON LANDS OF ONE SPOUSE WITH MONEY OF CONJUGAL PARTNERSHIP.—Buildings constructed during the marriage at the expense of the conjugal partnership and on lands belonging to one of the spouses are conjugal property.

ID.—An action to annul the sale by the husband of his individual property without the consent of the wife on the ground that certain houses were constructed on the property during the marriage and at the expense of the conjugal partnership is insufficient and does not state a cause of action if the same does not allege that said houses were included in the sale.

The facts are stated in the opinion.

*Mr. Luis Llorens Torres* for appellant.

*Mr. Carlos Franco Soto* for appellee.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This suit was brought to nullify a sale made by the defendant, González, without the consent of plaintiff his wife, to his codefendant, Rodríguez, of a certain rural estate described in the complaint, and for the restitution of said land to the wife and husband aforesaid, and to recover costs and disbursements. It is alleged in the complaint that:

"On April 2, 1906, the defendant, Pedro José González, received in payment of the sum of $3,253 due him from his mother's estate as heir, a certain tract of land. The plaintiff is his wife. When the husband received the tract of land he owed five notes amounting to $777.25 as principal and $302.50 interest, total $1,079.75. The plaintiff paid these notes, in order to prevent the forced sale of the land, out of her private funds.

"When the defendant received the land there was no house on it. A house for living and one for coffee machinery was built during the matrimony both together worth $600. The plaintiff claims that owing to these payments and the construction of these buildings this land became community property. That her husband, the defendant, had no other property.

"That on December 24, 1910, the defendant, Pedro J. González, sold the land by private document to the defendant, Francisco Rodríguez Montes, without the consent of the plaintiff, and that without said consent the sale is illegal. She prays that the court declare the sale illegal and void and that the property be restored to the plaintiff and to the defendant, Pedro José González, her husband, with costs, etc."

To this complaint the defendant, Rodríguez, demurred because the same does not set forth facts sufficient to constitute a cause of action. Defendant bases this exception on the following propositions:

"1. That it being set out in the complaint that Pedro J. González acquired the property described in the same as an inheritance from his mother, the consent of the plaintiff is not required in order to make valid the sale mentioned in the seventh allegation of the complaint.

"2. That the legal character of the separate property of the plaintiff which is alleged in the complaint is not expressed in the same.

"3. That whether treating of a dowry or paraphernal property, in order that it may have any effect as against a third party—that is to say, against the defendant, Francisco Rodríguez Montes—it must necessarily be shown that the property was delivered to the husband under authority of a notarial document and its restitution guaranteed by a legal or voluntary mortgage in favor of the plaintiff, which should be recorded in the registry of property in order that same may operate against a third party; and nothing in this regard has been alleged in the complaint.

"4. That no allegation whatever is made setting forth that the property described in the complaint forms part of the paraphernal property which the plaintiff alleges belongs to her and that liability therefor is recorded in the registry.

"5. That no allegation being made in the complaint setting forth that the property to which the plaintiff refers was delivered to the husband, the liability for such conveyance would not have any more effect than that of a personal obligation; and if this juridical state of things could not impair any incumbrance on real estate made by the husband in favor of a third party, such personal liabilities or obligations would effect still less a contract of purchase and sale, in which the defendant, Pedro J. González, has transferred his title as it is shown to be the case in the seventh allegation of the complaint."

The court sustained the demurrer and dismissed the complaint denying plaintiff leave to amend, and awarding costs against her. From this judgment the plaintiff took and prosecutes this appeal.

The decision of this case involves two questions of law, as the facts are undisputed and are by force of the demurrer accepted to be correctly stated in the complaint. The first matter arising is this:

First. Does the fact that the wife, from her own means to the extent of $1,079, has paid off promissory notes of the husband, given for debts contracted before marriage, impose upon the separate property of her husband, inherited from his mother, the quality of community property so far as to

require plaintiff's consent to its alienation under section 1328 of the Civil Code?

This question we must answer in the negative. From the statements made in the complaint there is no doubt that the land was acquired by the husband as an inheritance from his mother and thus by a lucrative title, and it must be considered as his separate property. The fact that the wife paid off, on behalf of her husband, certain promissory notes of his, given before marriage, does not impress upon this land the quality of community property. (Civil Code, sec. 1324.) The wife thereby became a creditor of the husband but acquired no rights in his separate property. The land consists of a tract containing more than 22 acres, and the husband, notwithstanding the advancements made to him by the wife and the fact that he had no other property than this tract of land, could alienate the same by a proper conveyance without the consent of the wife. So it is that in so far as the first proposition is concerned the trial court was right in sustaining the demurrer.

The second question to be considered is this:

Second. Does the fact that the land when acquired by the husband from his mother's estate was unimproved and that, during the marriage, houses for a dwelling and a coffee-hulling mill worth $600 were constructed upon it render it community property to that extent within the purview of section 1328 of the Civil Code?

Section 1328 of our Civil Code reads as follows:

"Section 1328. Notwithstanding the power which the husband has as administrator he shall not have the power to give, to sell and to bind for a consideration the real estate of the conjugal partnership, without the express consent of the wife.

"Every sale or agreement which the husband may make in respect to the said property in violation of this section and the other provisions of this code or in fraud of the wife shall be null and shall not prejudice her or her heirs."

There is no mistaking the purport of this declaration of

our statute law. We could not evade it if we felt so disposed and we recognize our duty to enforce it. (*Vivaldi* v. *Mariani,* 10 P. R. R., 420; *Pérez* v. *Registrar,* 2 P. R. R., 663; *Amadeo* v. *Registrar,* 3 P. R. R., 263.) As to what property belongs to the conjugal partnership we may consult section 1319 of our Civil Code which reads as follows:

"Section 1319. The useful expenses made on behalf of the private property of either one of the spouses through advances made by the partnership or by the industry of husband or wife are partnership property.

Buildings constructed during the marriage on land belonging to one of the spouses shall also belong to the partnership, but the value of the land shall be paid to the spouse owning the same."

The following extracts from Manresa commenting on the corresponding article of the Spanish Code have a bearing on the case. Speaking of a building erected on a lot belonging to one of the consorts, he says:

"The second paragraph of section 1404, (Porto Rican Civil Code, sec. 1319) is an exception to the first, and to the general principles relating to the accession, and also modifies our ancient law. The buildings are considered as an accessory to the ground, and, having been erected at the cost of the conjugal partnership would belong, according to the first paragraph of the section under consideration, to the consort who is the owner of the lot, without prejudice to the corresponding indemnification. The section changes the doctrine; the buildings erected during the marriage on a piece of ground belonging to one of the consorts are property of the conjugal partnership, the value of the ground plot being credited to the consort to whom it belongs. It is clear that the edifices or buildings referred to are those that have been erected at the cost of the common means or funds (of the husband and wife), as is logical and to be inferred from the relation existing between the two paragraphs of the section.

"If the building is erected by the owner of the ground plot with money belonging exclusively to him, then it belongs, of course, to the said owner of the ground. If the husband erects a building at his cost on a ground plot owned by his wife, then the building belongs to the latter, according to the general rules relating to accession and the doctrine of section 1368. The exception of section 1404 can-

not be extended to any other case than the one particularly pointed out in its text: that is, a building erected at the cost of the conjugal partnership on land belonging to one of the spouses.

"The exception is based, says Goyena, on considerations of public interest, to promote building, especially in the capital cities and large towns. A husband, for instance, would abstain from building with his own money or with money belonging in common to him and his wife, on a dotal ground plot (situate perhaps in one of the best public localities) because he knows that the building will go into the possession of his wife or of extraneous heirs, and that only the strictly necessary expenditure incurred in the erection of the building will be considered as an improvement. The section offers to him an inducement or encouragement to build; for he has the same rights and hopes as his wife to become the owner of the building, and the certainty that, in the contrary case, any value the building may have over and above the aforesaid expenditure, by reason of any kind of expenses, although the latter be spontaneously incurred or intended for mere pleasure and ornamental purposes, will be considered as property of the conjugal partnership.

"Let us add one consideration; although the building cannot subsist without the ground, it is always of much greater value and importance than the latter; on account of which fact the doctrine, if it does not conform to the principles, is more satisfactory to reason. If the ground plot is worth $5, and the building $500, and these $500 belong to the conjugal partnership, then it is more reasonable to adjudge the building with the ground to said partnership and to credit $5 to the owner of the ground, than to adjudge said building and ground to the owner, and to credit $500 to the conjugal partnership.

"The word 'building' is a generic name for any architectural structure with roof, which is erected in order to serve for a dwelling to man, or for offices, clubhouses, theatres, etc. If the structure that has been erected does not deserve the name of building, then the general rule must be followed. The construction of the section can be no other than a restrictive one. A cattle pen or timber yard, a granary built of stone (and resting upon pilasters), etc., follow the ground as accessories of the same. The simple extraordinary repairs effected on buildings that already exist, the addition of floors, or the increase of height, the building of flat roofs (*azoteas*), lookouts (*miradores*), etc., are not included in the exception either.

"On the other hand, the second paragraph of section 1404, is

applicable although what has been built be a country house or a house intended for work on a piece of cultivated ground belonging to one of the spouses, or new buildings or dependencies erected entirely anew by the side of buildings which already exist, or contiguous to the same; what has been built anew is property belonging to the conjugal partnership." (9th Vol., Manresa's Commentaries on the Civil Code, pp. 601 and 602.)

According to the well-known rule of construction we can look to eminent Spanish authors for the proper interpretation of such portions of our Civil Code as are copied literally from the Civil Code of Spain; and we find section 1319 of the Porto Rican Code to be a copy of article 1404 of the Spanish Code. Then we must hold that the houses built upon this tract of land after the marriage, and worth $600, are the community property of the conjugal partnership; and that under section 1328 of the Civil Code they cannot be sold without the consent of the wife. But, as this does not prevent the husband from selling without the consent of his wife, his separate property acquired by descent, and as the complaint seeks the nullity of the sale of the land without expressing therein that by the sale the houses were included, we must agree with the judge below that the complaint does not set forth sufficient facts to constitute a good cause of action and was properly dismissed. But we wish to add that the judgment rendered in this case will not preclude the bringing before a competent court, in accordance with law, of any action there may be to obtain the nullity of the sale of the houses described in the complaint in case such houses have really been sold.

For the reasons stated herein the judgment of the trial court, with the limitations mentioned, must be affirmed.

*Affirmed.*

Justices Wolf, del Toro, and Aldrey concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.